NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSUE ISRAEL LOZANO-PEREZ, *Appellant.*

No. 1 CA-CR 18-0068
FILED 12-18-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-151196-001 DT
The Honorable Ronda R. Fisk, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1 Josue Israel Lozano-Perez timely appeals from his convictions and sentences for sexual conduct with a minor, a class two felony, counts 1, 2, 5, and 7; and sexual abuse, a class three felony, counts 3, 6, 8, 9, 10, 11, and 12. After searching the record on appeal and finding no arguable question of law that was not frivolous, Lozano-Perez's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this Court to search the record for fundamental error. This Court granted counsel's motion to allow Lozano-Perez to file a supplemental brief *in propria persona*, but Lozano-Perez did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm his convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2 We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Lozano-Perez. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998) (citation omitted). Lozano-Perez was charged with multiple counts of sexual misconduct against his daughter, occurring when she was between the ages of eight and fourteen years old. The court held a five-day trial, at the conclusion of which Lozano-Perez was found guilty on all but one count. During the course of the trial, the State put on five witnesses: J.P., victim and biological daughter of Lozano-Perez; Detective Laurie Kessler, interviewer of victim J.P.; Dr. Wendy Dutton, testifying expert as a forensic interviewer; brother of the victim J.P.; and sister of the victim J.P. Additionally, a recorded conversation between J.P. and Lozano-Perez was read into evidence.

¶3        J.P. testified she was sexually abused by Lozano-Perez on multiple instances from the time she was eight years old continuing until her fifteenth birthday.  She testified about her sexual abuse at the hands of Lozano-Perez in detail.  J.P. testified that on one occasion her brother accidently walked into the room where Lozano-Perez was preparing to engage in sexual contact with J.P.  Her brother testified corroborating the incident; he remembered it occurred when he was around five years old.

¶4        Detective Laurie Kessler testified to the circumstances around the initial report given by J.P. to police; and testified to the procedure used for the recorded conversation between J.P. and Lozano-Perez.  Dr. Dutton testified as an expert regarding the biological responses of sexual abuse victims, including the suppression of memories, and the reasons victims of sexual abuse often do not come forward for years.

¶5        The apparent linchpin in the State's case was the recorded conversation between J.P. and Lozano-Perez.  In that conversation, J.P. recounted to Lozano-Perez, with specificity, instances of sexual abuse that Lozano-Perez perpetrated on J.P.  Lozano-Perez did not deny the allegations, but instead apologized for his behavior.  Additionally, Lozano-Perez attempted to excuse his victimization of J.P. by referencing abuse perpetrated on him when he was younger.  At the end of the State's case-in-chief, Lozano-Perez moved to dismiss sexual abuse counts 3 and 4 under Arizona Rule of Criminal Procedure 20, alleging there was no substantial evidence to support guilty verdicts.  The court denied the motion

¶6        The court gave jury instructions which included the weight to give witness testimony, the duty of the jury, the presumption of innocence, the State's burden to prove all elements of the crimes alleged beyond a reasonable doubt, and the requirement of a unanimous verdict.  The court explained Lozano-Perez was charged with four counts of sexual conduct with a minor, and eight counts of sexual abuse.  The counts of sexual conduct with a minor required proof that Lozano-Perez intentionally or knowingly engaged in sexual intercourse or oral sexual contact with a person under eighteen years of age; and that if the minor was under fifteen, the State was not required to prove Lozano-Perez knew the minor's age.  These sexual abuse counts required the State to prove Lozano-Perez intentionally or knowingly engaged in sexual contact with another person who was under fifteen years of age and the sexual contact involved only the female breast.

¶7        The jury acquitted Lozano-Perez of one count of sexual abuse (count 4), but returned guilty verdicts on all counts of sexual conduct with a minor, and seven counts of sexual abuse.

¶8        The trial court conducted the sentencing hearing in compliance with Lozano-Perez's constitutional rights and Arizona Rule of Criminal Procedure 26. The State alleged no aggravating factors and the court, after reviewing the presentence report and listening to Lozano-Perez, found no mitigating factors. The court ordered the following sentences: for sexual conduct with a minor, two sentences of life, each with the possibility of release after thirty-five years, and two sentences of twenty years each; for sexual abuse, seven sentences of five years each. Each sentence was ordered to be served consecutively, beginning with the first life sentence. Lozano-Perez received 799 days of presentence incarceration credit.

## DISCUSSION

¶9        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Lozano-Perez received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶10        The evidence presented at trial was substantial and supports the verdicts. The jury was properly comprised of twelve members and the court properly instructed the jury on the elements of the charges, Lozano-Perez's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Lozano-Perez was given an opportunity to speak at sentencing, and his sentences were within the acceptable range for his offenses.

¶11        We decline to order briefing and affirm Lozano-Perez's convictions and sentences.

¶12        After the filing of this decision, defense counsel's obligations pertaining to Lozano-Perez's representation in this appeal have ended. Defense counsel need do no more than inform Lozano-Perez of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission of a petition for review to the Arizona Supreme Court. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶13 Lozano-Perez has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant him thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

## CONCLUSION

¶14 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA